UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

**EDITH VOGEL,**

                *Plaintiff,*

v.

**CARRIE TERGIN**, in her official capacity as Mayor of the City of Jefferson, and the **CITY OF JEFFERSON, MISSOURI,**

                *Defendants.*

## COMPLAINT

### I. General Allegations

1. Plaintiff Edith Vogel is a resident of Jefferson City, Missouri and owner of the property known during the American Civil War as Camp Lillie.

2. Vogel's family resided on the Camp Lillie property during the Civil War, and Vogel has a personal and emotional investment in the history of the Civil War as it pertains to Jefferson City and Camp Lillie.

3. Defendant City of Jefferson is a city in Cole and Callaway Counties, Missouri.

4. Defendant Carrie Tergin the Mayor of Defendant City of Jefferson.

5. In 2021, the City constructed the Bicentennial Bridge, a pedestrian bridge connecting the Missouri State Capitol with "Adrian's Island," a wooded parcel along the Missouri River.

6. To support the bridge project, the City and Mayor Tergin launched a "paver" fundraising campaign, whereby the City would sell engraved stone pavers to place in a new park around the bridge's landing on Adrian's Island.

7. Defendants provided that pavers were to be limited to one of two sizes (9.5"x15.5" or 4¼"x7¾"), limited the number of lines and characters according to size, and designated the places on Adrian's Island where they were to be placed.

8. Defendants did not adopt or publish content guidelines for the paver campaign.

9. There was no review process for the pavers.

10. Subject to these requirements, donors were invited to purchase "PERSONALIZED" pavers and "PROVIDE YOUR MESSAGE."

11. Every paver ordered during the initial round of fundraising was placed as submitted.

12. Plaintiff purchased two pavers through the paver program which bore the following inscription: "Union Camp Lillie notes: deciding against attack the confederate army under Gen. Sterling Price turned from Jefferson City Oct. 7, 1864."

13. The City subsequently placed Plaintiff's pavers with those purchased by others.

14. At some point after their placement, Mayor Tergin became aware of the message on Plaintiff's pavers.

15. Mayor Tergin and other City officials are deeply opposed to the message of Plaintiff's pavers because of their association with the history of Camp Lillie.

16. Mayor Tergin previously led a City Council action to remove a Civil War monument from City property on Moreau Drive which had similar language in its inscription and referred to the same historical events.

17. On or about December 23, 2021, Defendants ordered Plaintiff's pavers removed from Adrian's Island because of the message they conveyed, especially their similarity to the Moreau Drive monument and reference to Camp Lillie.

18. Defendants' employees and agents subsequently carried out Mayor Tergin's directive and removed Plaintiff's pavers.

19. Defendants did not remove any other pavers, including several containing personalized messages and Bible verses.

20. Defendants informed Plaintiff that she could keep the pavers by changing the message she conveyed, or she could receive a refund for her donation.

21. Plaintiff elected to receive a refund rather than have Defendants dictate the message she could convey.

## II. Jurisdiction and Venue

22. This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it presents federal questions arising under the U.S. Constitution.

23. The Western District of Missouri is the proper venue for this lawsuit pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Defendants' principal office is located in Jefferson City, Missouri, and all of the events giving rise to this claim occurred in Jefferson City, Missouri.

## III. Violation of First Amendment Rights

24. By operating the paver campaign and inviting the general public to purchase a paver and supply a message, Defendants created a designated public forum.

25. Defendants' removal of Plaintiff's pavers was motivated by their disapproval of Plaintiff's views and message.

26. Mayor Tergin described her motivation for removing Plaintiff's pavers to the Jefferson City *News-Tribune*: "The urgency in removing these particular pavers was that they reference the rock which council had previously voted to remove. So, keeping in line with that decision that was made by council, I felt it appropriate to remove those." *See* Michael Shine, *Two pavers removed from newly opened park due to Civil War inscription*, News-Tribune (Dec. 24, 2021), https://www.newstribune.com/news/2021/dec/24/two-pavers-removed-from-newly-opened-park-due-to-c/.

27. Defendants' paver application stated that "PERSONALIZED DONOR PAVERS ARE AVAILABLE FOR PURCHASE," and instructed purchasers to "PROVIDE YOUR MESSAGE." *See* Bicentennial Bridge Paver Flyer, attached hereto as Exhibit A.

28. Mayor Tergin promised the flyer would be updated and suggested pavers would be restricted to donor names only. *See* Michael Shine, *No review of pavers' messages undertaken after two removed due to Civil War inscription*, News-Tribune (Jan. 8, 2022), https://www.newstribune.com/news/2022/jan/08/no-review-of-messages-on-pavers-undertaken-after/.

29. As of the filing of this suit, the flyer remains unchanged and the only restriction on the pavers adopted or announced by Defendants are the time, place, and manner regulations identified in paragraph 7 above. *See* Exhibit A.

30. Several other pavers purchased from and placed by Defendants also contain expressive messages, including Bible verses, but Defendants have not removed those pavers and have not announced any intention to do so.

Page 4 of 6

Case 2:22-cv-04051-BCW   Document 1   Filed 03/31/22   Page 4 of 6

31. Plaintiff's message has therefore been singled out for suppression based on Defendants' opposition to the message it conveys and its reference to the Moreau Drive monument.

32. Defendants' suppression of Plaintiff's message is unconstitutional in that it censors her speech "because of the topic discussed or the idea or message expressed." *Reed*, 576 U.S. at 163.

33. Defendants' suppression of Plaintiff's message thereby violates her First and Fourteenth Amendment rights, and Plaintiff has thereby been damaged.

34. Plaintiff has incurred and will continue to incur court costs and attorneys' fees in contesting Defendants' violation of her First and Fourteenth Amendment rights.

## IV. Relief Sought

Plaintiff Edith Vogel respectfully requests the following relief against Defendants under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983:

   A. Declaratory Judgment that Defendants' actions described herein have deprived and continue to deprive her of rights, privileges, and immunities under the First and Fourteenth Amendments of the U.S. Constitution and are unconstitutional as applied to her;

   B. Preliminary and permanent injunctions ordering Defendants to replace and maintain her pavers with her original message;

   C. Compensatory damages, or in the alternative, for nominal damages in recognition of the completed and continued deprivation of her rights, *see Uzuegbunam v. Preczewski*, --- U.S. ---, 141 S. Ct. 792, 796 (2021);

D.  Her attorneys' fees and recoverable costs under 42 U.S.C. § 1988(b) or any other allowable statute or authority; and

E.  Any other relief that the Court deems just.

**Respectfully Submitted,**

*/s/ Cole D. Bradbury*
**COLE D. BRADBURY #62760**
Bradbury Law Firm, LLC
PO Box 206
Osage Beach, MO 65065
(573) 745-0772
Cole.D.Bradbury@Gmail.com
ATTORNEY FOR PLAINTIFF

## VERIFICATION

I, Edith Vogel, declare as follows:

1. I am the Plaintiff in the present case and a citizen of the United States of America.

2. I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing Complaint, and if called on to testify I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on March 31, 2022.

*Edith Vogel*
Edith Vogel